IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISRICT OF WEST VIRGINIA

ANTHONY GRECO and AMBER
GRECO, his wife,

                Plaintiffs,

                 v.

GSM, LLC, a Texas Limited
Liability Corporation, GSM
HOLDINGS, INC., a Delaware
Corporation, GSM HOLDINGS
LLC, a Texas Limited Liability
Corporation and JOHN DOE(s)

                Defendants.

Case №: 2:25-cv-00225

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, Anthony Greco and Amber Greco, his wife, by their attorneys, Michael E. Metro, Esquire, James A. Villanova, Esquire and Villanova Law Offices, P.C. and files the following Complaint in Civil Action, and in support thereof, avers as follows:

### The Parties

1. Plaintiff, Anthony Greco, is an adult individual who at all relevant times hereto was a resident of West Virginia and currently resides at 1076 Midway Road, Midway, West Virginia 25878.

2. Plaintiff, Amber Greco, is an adult individual and wife of Plaintiff, Anthony Greco and at all times material herein was residing at 1076 Midway Road, Midway, West Virginia 25878.

3. Based upon information and belief, Defendant, GSM, LLC, is a Texas Limited Liability Corporation which manufactures, designs and/or distributes tree stands. GSM, LLC's registered office address is: c/o Edward V. Gonzales, Sr., 1442 Curtin Street, Houston, Texas 77018

4. Based upon information and belief Defendant, GSM Holdings, Inc., is a Delaware corporation which manufactures, designs, and/or distributes tree stands. Defendant, GSM Holdings Inc's registered office address is: c/o Cogency Global, Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

5. Based upon information and belief, Defendant, GSM Holdings LLC., is a Texas Limited Liability Corporation which manufactures, designs, and/or distributes tree stands. GSM Holdings LLC's registered office address is: c/o Dudley McKissack, 3498 7-D Road, Fort Stockton, Texas 79735.

6. Defendant John Doe(s) is (are) any and all unknown persons, associations, corporations or any other entities that committed any and all acts, either through itself or through its agents or employees, or may be the correctly named Defendants, GSM, LLC, GSM Holdings, Inc., and GSM Holdings LLC. The acts and omissions of Defendants, GSM, LLC, GSM Holdings, Inc., and

GSM Holdings LLC. throughout this Complaint, are also identified as the acts or omissions of the John Doe(s).

## Jurisdiction and Venue

7. The above averments are included as if set forth at length.

8. This court has original pursuant to 28 U.S.C. § 1332 and that the amount in controversy exceeds $75,000 exclusive of costs and interest and involved citizens of different states.

9. Venue is proper in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391.

## Statement of Fact

10. The above averments are included as if set forth at length.

11. The events that give rise to this Complaint took place on or about December 9, 2023, at approximately 11:00am in Mingo County, West Virginia near Justice, West Virgina.

12. Prior to December 9, 2023, the plaintiff, Anthony Greco, purchased a Muddy Hang-On Tree Stand, Model Number: MUD-DHOTS 7M-0320 at Rural King, located at 100 Crossroads Mall, Mt. Hope, West Virginia 25880.

13. At all times relevant herein, the specific tree stand was identified as a Muddy Hang-On Tree Stand. The Tree Stand's model identification is: Muddy Hang-

On Tree Stand, Model Number: MUD-DHOTS 7M-0320 and hereinafter referred to as "Tree Stand".

14. Approximately three weeks prior to December 9, 2023, plaintiff, Anthony Greco, carefully and prudently strapped the aforesaid Muddy Hang-On Tree Stand to a tree near Justice, Mingo County, West Virginia with the expectation to use said Tree Stand to hunt for deer.

15. The events that give rise to this Complaint took place on or about December 9, 2023 at approximately 11:00 AM near Justice, Mingo County West Virginia. At the aforesaid time and place the plaintiff, Anthony Greco was standing in the Tree Stand which was strapped to a tree approximately twenty-one (21) feet above the ground when the weld to a metal bar which holds the strap in place failed causing said Tree Stand to collapse and causing plaintiff, Anthony Greco to fall to the surface of the ground and suffer injuries and damages as set forth hereinbelow.

16. The Defendants' Tree Stand was defective due to either a design defect or a manufacturing defect.

17. The defect existed at the time that the Tree Stand left Defendants' control.

18. The defect within the Tree Stand was the sole and proximate cause of damage suffered by plaintiff, Anthony Greco which was not at the time, nor at any time prior, used abnormally.

## COUNT I: STRICT LIABILITY

### Anthony Greco v. GSM, LLC

19. The above averments are included as if set forth at length.

20. The Defendant, GSM, LLC manufactured, developed, designed, produced, maintained, sold, leased, supplied, engineered and/or assembled a defective product, namely, the aforesaid Tree Stand, which was not reasonably safe for its intended use and which was unreasonably dangerous when put to its reasonably anticipated use, including sitting or standing in said tree stand, as was being done by Plaintiff.

21. The Tree Stand was defective either at the time that subject Tree Stand was manufactured or formulated.

22. As a direct and proximate result of Defendant GSM, LLC's defective product and Defendant GSM, LLC's negligence, Plaintiff was caused to be injured in the following ways:

   a) Severe injury and damage to the bones, joints, muscles, ligaments, tendons, nerves and tissues of the lumbar spine, ribs, and bilateral hips;

   b) Injury and damage to the lumbar spine, ribs and bilateral hips;

   c) Injury to other related body parts;

   d) Possible aggravation of pre-existing medical conditions; and

   e) Nervousness, emotional tension and anxiety.

23. As a direct and proximate result of result of the defendant GSM, LLCs defective product and Defendant GSM, LLC's negligence, plaintiff has suffered the following damages:

   a) He has been forced to expend great sums on medical care and treatment;

   b) His strength and vitality have been impaired;

   c) He has endured great suffering and inconvenience;

   d) He has been unable to enjoy the pleasures of life as he was able to before the incident; and

   e) He has sustained lost wages and suffered an impairment of earning capacity.

## COUNT II: NEGLIGENCE

### Anthony Greco v. GSM, LLC

24. The above averments are included as if set forth at length herein.

25. Defendant, GSM, LLC, negligently and carelessly manufactured, developed, designed, produced, maintained, sold, supplied, engineered, assembled, inspected and/or tested the aforesaid Tree Stand, thereby permitting the Tree Stand to be sold as hereinbefore described in an unreasonably dangerous and/or unsafe condition.

26. Defendant GSM, LLC negligently, recklessly, and carelessly supplied, sold and/or delivered the defective, hazardous, dangerous, malfunctioning, misfunctioning unsafe Tree Stand into the stream of commerce.

27. As a direct and proximate result of the acts as alleged in this count of the Complaint, the Plaintiff was damaged and injured as is hereinbefore set forth.

## COUNT III: BREACH OF WARRANTIES

### *Anthony Greco v. GSM, LLC*

---

28. The above averments are included as if set forth at length herein.

29. Defendant, GSM, LLC, breached its express and implied warranties in the manufacture, and sale of the Tree Stand, including its warranty that the Tree Stand was merchantable and fit the purpose for which it was intended, namely, sitting and/or standing, in the manner and method in which Plaintiff was doing at the time of the injuries as hereinbefore set forth.

30. As a direct and proximate result of the acts alleged in this count of the Complaint, the Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT IV: GROSS NEGLIGENCE and RECKLESS CONDUCT

### *Anthony Greco v. GSM, LLC*

---

31. The above averments are included as if set forth at length herein.

32. Defendant, GSM, LLC was grossly negligent and/or reckless in the manufacturing, designing, producing, developing, assembling, engineering, inspecting and/or testing the aforesaid Tree Stand and which acts permitted

and enabled the sale of the Tree Stand as hereinbefore described in a defective condition.

33. As a direct and proximate result of the acts of Defendant GSM, LLC alleged in this count of the Complaint, Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT V: STRICT LIABILITY

### Anthony Greco v. GSM Holdings, Inc.

34. The above averments are included as if set forth at length herein.

35. Defendant, GSM Holdings, Inc., manufactured, developed, designed, produced, maintained, sold, leased, supplied, engineered and/or assembled a defective product, namely, the aforesaid Tree Stand, which was not reasonably safe for its intended use and which was unreasonably dangerous when put to its reasonably anticipated use, including sitting or standing in said Tree Stand, as was being done by Plaintiff.

36. As a direct and proximate result of the acts alleged in this count of the Complaint, the Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT VI: NEGLIGENCE

### Anthony Greco v. GSM Holdings, Inc.

37. The above averments are included as if set forth at length herein.

38. Defendant, GSM Holdings, Inc., negligently and carelessly manufactured, developed, designed, produced, maintained, sold, supplied, engineered, assembled, inspected and/or tested the aforesaid Tree Stand thereby permitting the subject Tree Stand to be sold as hereinbefore described in an unreasonably dangerous and/or unsafe condition.

39. Defendant, GSM Holdings, Inc., negligently, and carelessly supplied, leased, sold, and/or delivered the defective, hazardous, dangerous, malfunctioning, mis- functioning unsafe product into the stream of commerce

40. As a direct and proximate result of the acts as alleged in this count of the Complaint, Plaintiff was damaged and injured as hereinbefore set forth.


## COUNT VII: BREACH OF WARRANTIES

### Anthony Greco v. GSM Holdings, Inc.

41. The above averments are included as if set forth at length herein.

42. Defendant, GSM Holdings, Inc., breached its express and implied warranties in the manufacture, and sale of the Tree Stand, including its warranty that the Tree Stand was merchantable, and fit for the purpose for which it was

intended, namely, sitting and/or standing, in the manner and method in which Plaintiff was doing at the time of the injuries as hereinbefore set forth.

43. As a direct and proximate result of the acts alleged in this count of the Complaint, Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT VIII: GROSS NEGLIGENCE and RECKLESS CONDUCT

### *Anthony Greco v. GSM Holdings, Inc.*

44. The above averments are included as if set forth at length herein.

45. Defendant, GSM Holdings, Inc. was grossly negligent and/or reckless in the manufacturing, designing, producing, developing, assembling, engineering, inspecting and/or testing of the aforesaid Tree Stand and which acts permitted and enabled the sale of the Tree Stand as hereinbefore described in a defective condition.

46. As a direct and proximate result of the acts of Defendant GSM Holdings, Inc., alleged in this count of the Complaint, Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT IX: STRICT LIABILITY

### *Anthony Greco v. GSM Holdings LLC*

47. The above averments are included as if set forth at length herein.

48. Defendant GSM Holdings LLC manufactured, developed, designed, produced, maintained, sold, supplied, engineered and or assembled a defective product,

namely, the aforesaid Tree Stand, which was not reasonably safe for its intended use and which was unreasonably dangerous when put to its reasonably anticipated use, including sitting in or standing in, as was being done by Plaintiff.

49. As a proximate result of the acts of Defendant GSM Holdings LLC, as alleged in this count of the Complaint, the Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT X: NEGLIGENCE

### Anthony Greco v. GSM Holdings LLC

50. The above averments are included as if set forth at length herein.

51. Defendant, GSM Holdings LLC, negligently and carelessly manufactured, developed, produced, maintained, sold, supplied, engineered, assembled, inspected and/or tested the aforesaid Tree Stand, thereby permitting the to be sold as hereinbefore described in an unreasonably dangerous and/or unsafe condition.

52. Defendant has some holdings LLC negligently, recklessly, and carelessly supplied, sold and/or delivered the defective, hazardous, dangerous, malfunctioning, mis-functioning unsafe Tree Stand into the stream of commerce.

53. As a proximate result of the acts of Defendant GSM Holdings LLC, as alleged in this count of the Complaint, the Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT XI: BREACH OF WARRANTIES
### *Anthony Greco v. GSM Holdings LLC*

54. The above averments are included as if set forth at length herein.

55. Defendant, GSM Holdings LLC, breached express and implied warranties in the manufacture, and sale of the Tree Stand, including its warranty that the Tree Stand was merchantable and fit for the purpose for which it was intended, namely, sitting and or standing, in the manner and method in which Plaintiff was doing at the time of the injuries as hereinbefore set forth.

56. As a direct and proximate result of the acts alleged in this count of the Complaint, Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT XII: GROSS NEGLIGENCE and RECKLESS CONDUCT
### *Anthony Greco v. GSM Holdings LLC.*

57. The above averments are included as if set forth at length herein.

58. Defendant GSM holdings LLC was grossly negligent and/or reckless in manufacturing, designing, producing, developing, engineering, inspecting and/or testing of the aforesaid Tree Stand and which acts permitted and

enabled the sale of the Tree Stand as hereinbefore described in a defective condition.

59. As a direct and proximate result of the acts of defendant GSM Holdings LLC, alleged in this count of the complaint, plaintiff was damaged and injured as hereinbefore set forth.

## COUNT XIII: STRICT LIABILITY

### *Anthony Greco* v. *John Doe(s)*

60. The above averments are included as if set forth at length.

61. Defendant(s), John Doe(s), manufactured, developed, designed, produced, maintained, sold, supplied, engineered and or assembled a defective product, namely, the aforesaid Tree Stand, which was not reasonably safe for its intended use and which was unreasonably dangerous when put to its reasonably anticipated use, including sitting in or standing in, as was being done by Plaintiff.

62. As a direct and proximate result of the acts described in this count of the Complaint, Plaintiff was damaged and injured as is hereinbefore set forth.

## COUNT XIV: NEGLIGENCE

### *Anthony Greco* v. *John Doe(s)*

63. The above averments are included as if set forth at length.

64. Defendant(s), John Doe(s), negligently and carelessly manufactured, developed, designed, produced, maintained, sold, supplied, engineered, assembled, inspected and/or tested the aforesaid Tree Stand, thereby permitting the Tree Stand to be sold as hereinbefore described in an unreasonably dangerous and/or unsafe condition.

65. Defendant(s), John Doe(s), negligently, recklessly, and carelessly supplied, sold and/or delivered the defective, hazardous, dangerous, malfunctioning, misfunctioning unsafe Tree Stand into the stream of commerce.

66. As a direct and proximate result of the acts as alleged in this count of the Complaint, the Plaintiff was damaged and injured as is hereinbefore set forth.

## COUNT XV: BREACH OF WARRANTIES

### *Anthony Greco* v. *John Doe(s)*

67. The above averments are included as if set forth at length herein.

68. Defendant(s), John Doe(s), breached its express and implied warranties in the manufacture, and sale of the Tree Stand, including its warranty that the Tree Stand was merchantable and fit the purpose for which it was intended, namely, sitting in and/or standing in, in the manner and method in which Plaintiff was doing at the time of the injuries as hereinbefore set forth.

69. As a direct and proximate result of the acts alleged in this count of the Complaint, the Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT XVI: GROSS NEGLIGENCE and RECKLESS CONDUCT

### *Anthony Greco* v. *John Doe(s)*

70. The above averments are included as if set forth at length herein.

71. Defendant(s), John Doe(s), was grossly negligent and/or reckless in manufacturing, designing, producing, developing, assembling, engineering, inspecting and/or testing the aforesaid Tree Stand and which acts permitted and enabled the sale of the Tree Stand as hereinbefore described in a defective condition.

72. As a direct and proximate result of the acts of Defendant(s), John Doe(s), alleged in this count of the Complaint, Plaintiff was damaged and injured as hereinbefore set forth.

## COUNT XVII- LOSS of CONSORTIUM

### Amber Greco v. GSM, LLC, GSM Holdings, Inc., GSM Holdings LLC, & John Doe(s)

73. The above averments are included as if set forth at length herein.

74. Plaintiff-Wife, Amber Greco, is married to and is living with, and at all relevant times did live with Plaintiff Anthony Greco.

75. As a result of the sole, direct of the injury set forth in this complaint, plaintiff Amber Greco has been deprived of the company and consortium of her husband, and plaintiff Amber Greco has been obliged to undertake numerous

tasks on his behalf since he has been unable to act as he had before the incident herein.

**WHEREFORE**, the above-described conduct of the Defendants, GSM, LLC, GSM Holdings, Inc., GSM Holdings LLC and John Doe(s) has directly and proximately caused injury to the Plaintiff's, Anthony Greco and Amber Greco, his wife, and Plaintiffs demands judgment, jointly and severally, against the Defendant's, GSM, LLC, GSM Holdings, Inc., GSM Holdings LLC, and John Doe(s) for the following relief and damages:

a) Compensatory damages for past, present, and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages and loss of services in a fair and just amount determined by a jury;

b) General damages for past present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c) Pre-judgment and post-judgment interest;

d) Costs and attorney fees expended in this action; and

e) Any other further general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS REQUESTED ON ALL ISSUES**

Respectfully submitted,

Michael E. Metro, Esquire
James A. Villanova, Esquire
*Attorneys for Plaintiff*
Villanova Law Offices, P.C.
16 Chatham Street
Pittsburgh, PA 15219
Telephone: +1 (412) 471-1933
Facsimile:  +1 (412) 471-2733
Email: villanova.law.offices@gmail.com